UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELICIA CASH,

    *Plaintiff*,

v.

EVAN STUART ELAN, *et al.*,

    *Defendants*.

No. 24-cv-02057 (DLF)

## ORDER

In this action, plaintiff Felicia Cash brings suit for legal malpractice and breach of contract and fiduciary duty against Evan Stuart Elan and The Elan Law Firm. She seeks damages "in an amount to be determined at trial" for the defendant's alleged failure to properly litigate a premises liability case related to bed bugs and a slip and fall. Compl. ¶¶ 75, 8, Dkt. 1-2. Before the Court is Cash's Motion to Remand, Dkt. 5. For the reasons that follow, the Court will deny the motion to remand.

Federal district courts are courts of limited jurisdiction, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To invoke federal jurisdiction based on diversity of citizenship, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). When, like here, the plaintiff's complaint does not state the exact amount in controversy, the defendant may do so in the notice of removal. 28 U.S.C. 1446(c)(2)(A); *Dart Cherokee Basic Operating Co. v. Owens*, 574 U.S. 81, 84 (2014). "When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction." *Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012). As relevant here, if the plaintiff challenges that amount, the defendant must prove the amount in controversy

is greater than $75,000 by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee*, 574 U.S. at 88–89. "Although the burden of proof may be with the defendant . . . courts may consider the evidence provided to them and exercise some degree of common sense in order to independently determine whether the amount in controversy has been met." *Parker-Williams v. Charles Tini & Assocs., Inc.*, 53 F. Supp. 3d 149, 152 (D.D.C. 2014).

The defendants base their amount in controversy argument on the requested damages in Cash's underlying premises liability case. In legal malpractice claims, a successful plaintiff receives compensation in the sum that she would have received, had the defendant not acted negligently in pursuing a viable underlying claim. *See Jacobsen v. Oliver*, 451 F. Supp. 2d 181, 187 (D.D.C. 2006). Here, this means the amount in controversy for Cash's legal malpractice case would include, at least, any damages she would have received had she prevailed in the premises liability suit based on bed bugs and her slip and fall. The defendants offer two facts about the damages in that case. First, Cash's premises liability lawsuit sought $10 million in damages. Mot. to Remand, Ex. 2, Dkt. 5-2. Second, Cash demanded $100,000 to settle that lawsuit. Opp'n, Ex. 1, Dkt. 6-1; Opp'n, Ex. 2, Dkt. 6-2. On its face, those amounts meet the requisite threshold.

Cash argues that the underlying $10 million cannot suffice because she had no control over the amount—the defendants were the lawyers who drafted the complaint in her original premises liability suit. Mot. to Remand, at 3. Even if that were relevant, Cash offers no explanation for why the $100,00 that she herself demanded would be insufficient.

This Court acknowledges that a plaintiff's representation about the amount in controversy is not necessarily dispositive. *See Apton v. Volkswagen Grp. of Am., Inc.*, 233 F. Supp. 3d 4, 13 (D.D.C. 2017). But here, the plaintiff's legal malpractice complaint demands compensation for all economic loss she suffered. Since she argues the defendants' negligence prevented her from

recovering in her premises liability suit—where she personally requested $100,000 in settlement money—it naturally follows that, at minimum, Cash considers herself entitled to the money she demanded in the underlying suit. The Court offers no view on the actual merits of Cash's underlying premises liability suit or her legal malpractice claim. But it concludes, based on the nature of her claims, that it is more likely than not that the amount in controversy is greater than $75,000.

Accordingly, it is

**ORDERED** that Felica Cash's Motion to Remand, Dkt. 5, is **DENIED**. It is further

**ORDERED** that the parties shall meet and confer and file a joint status report proposing a further schedule for proceedings in light of the Court's August 26, 2024, Minute Order on or before November 11, 2024.

October 28, 2024

DABNEY L. FRIEDRICH
United States District Judge